United States v. Sheehan, No. 05-MJ-649-AK

Reply Brief, Attachment 1

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,           .
                                    .
          Plaintiff,                .
                                    .   CR No. 05-MG-0649 (AK)
     v.                             .
                                    .
CINDY SHEEHAN, et al.,              .   Washington, D.C.
                                    .   Wednesday, November 16, 2005
          Defendants.               .   1:23 p.m.
                                    .
. . . . . . . . . . . . . .         .


TRANSCRIPT OF BENCH TRIAL
BEFORE THE HONORABLE ALAN KAY
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:            CATHARINE A. HARTZENBUSCH, AUSA
                               G. MICHAEL HARVEY, AUSA
                               United States Attorney's Office
                               555 Fourth Street, NW
                               Suite 11-449
                               Washington, D.C. 20530
                               202-514-7700

For Defendant Sheehan:         JON W. NORRIS, ESQ.
                               641 Indiana Avenue, NW
                               2nd Floor
                               Washington, D.C. 20004
                               202-842-2695

Pro Se Advisor:                MARK GOLDSTONE, ESQ.

Court Reporter:                BRYAN A. WAYNE, RPR, CRR
                               Official Court Reporter
                               U.S. Courthouse, Room 4808-B
                               333 Constitution Avenue, NW
                               Washington, D.C. 20001
                               202-216-0313


Proceedings reported by machine shorthand, transcript produced
by computer-aided transcription.

Bryan A. Wayne, RPR, CRR
Official Court Reporter                                    Copy

1    THE COURT:  What has that got to do with delivering a
2    message to the President?
3    MR. NORRIS:  It's clear, Your Honor, first off,
4    there's a constitutional First Amendment right both to freedom
5    of speech, to assemble, and to be able to address the government
6    for grievances.  So there is a First Amendment constitutional
7    right to protest, to speak out, to speak out at the White House.
8    It's a public area.
9    THE COURT:  So you're challenging the
10   constitutionality of the Code of Federal Regulation.
11   MR. NORRIS:  Yes.
12   THE COURT:  I see, that particular --
13   MR. NORRIS:  Absolutely.
14   THE COURT:  Has that been tested by our circuit,
15   Mr. Norris?
16   MR. NORRIS:  Your Honor, I do not have the case law on
17   that.
18   THE COURT:  Are you familiar with any case law on
19   that?
20   MR. NORRIS:  Well, Your Honor, the government cites
21   numerous cases from other jurisdictions.
22   THE COURT:  Any case law that you're aware of from
23   this circuit?  Are you aware of United States versus Circa?
24   MR. NORRIS:  Yes, Your Honor.
25   THE COURT:  Was not that issue with respect to the

1   necessity defense.
2       With respect to the First Amendment matter, the Court is
3   correct that the circuit has spoken and that the regulations in
4   question have been found to be constitutional time, place and
5   manner restrictions.  And for that reason, any First Amendment
6   defense, Your Honor, should also be precluded in this trial.
7       With respect to the Andrew Bloch case, which is a District
8   of Columbia Court of Appeals case, that case did not address a
9   situation in which a permit was applied for and -- or was not
10  applied for in a permit.
11      That case was in the nature of a closure of a traditionally
12  -- of a traditional public forum.  And the government does agree
13  that where there is a closure by the government of a traditional
14  public forum, that closure needs to be justified on First
15  Amendment grounds.  That it is necessary for government
16  functions, that it is narrowly drawn, that it is temporary in
17  nature and justified one way or the other.
18      That evidence was not admitted at trial in the Bloch case
19  and for that reason DEFENDANT's conviction was overturned.
20  That's not the situation we have here.  In this case, we have a
21  permit scheme where the defendants are required, if they are
22  going to be demonstrating in a group of more than 25 people, to
23  apply for and receive a permit.  Different factual scenarios and
24  the government's position is that the Andrew Bloch case is
25  inapposite to this situation.

1  make no law respecting an establishment of religion or
2  prohibiting the free exercise thereof or abridging the freedom
3  of speech, or of the press, or of the right of the people to
4  peaceably assemble and to petition the government for redress of
5  grievances. And we thereby ask that all charges be dropped in
6  order to uphold our First Amendment rights. Thank you.
7      THE COURT: All right. Thank you. Ms. Hartzenbusch,
8  call your first witness. And we need to have --
9      MR. NORRIS: I'm sorry, Your Honor, may I make an
10 opening on behalf of Ms. Sheehan?
11     THE COURT: Yes.
12     MR. NORRIS: Thank you, Your Honor. Your Honor, the
13 evidence in this case will show that Ms. Sheehan, like the other
14 codefendants in this case, were not violating the law on
15 September 26 of this year when they went to the White House in
16 order to deliver a petition to the President of the United
17 States.
18     The reason that they were not violating the law is because
19 the First Amendment guarantees the right to Ms. Sheehan and each
20 and every citizen in this country the right to peaceably
21 assemble, the right to free speech and the right to petition the
22 government for redress of grievances, and that was exactly what
23 they were doing in this case, Your Honor.
24     They were within their right to protest what they believed
25 was both an illegal and an immoral war. They had taken numerous

steps, Ms. Sheehan had taken numerous steps herself, as had other codefendants, to try and petition or communicate with the President in past all of which had been rebuffed and rebuked. Their conduct was within the type of time honored First Amendment conduct that is constitutionally protected in this country.

THE COURT: Is it their position that they have a right to physically hand such a petition to the President of the United States, or are there other mechanisms that would afford them an opportunity to present a petition to a President?

MR. NORRIS: Yes. I think they have a right to petition the government for redress and --

THE COURT: I understand that. Petitioning connotes, does it not, an ability to present in some fashion to the President of the United States in this case, their position or objections, if you will, or support, if you will, to a policy. But are you saying it has to be -- in other words, that it's a requirement, constitutional or statutory, that an elected official has an obligation to physically take it in hand as you would serve a subpoena to an individual?

MR. NORRIS: Yes. I think an elected official --

THE COURT: You're saying yes. Constitutionally or statutorily.

MR. NORRIS: I think an elected official has a right not to avoid the public when the public is speaking out about

the conduct that is part of that elected official's duties.

DEFENDANT: Your Honor --

MR. NORRIS: And I think in this case --

DEFENDANT: May I just clarify something?

THE COURT: No, you cannot, ma'am. The attorney is speaking. At least give him the courtesy to speak to the Court. Mr. Norris.

MR. NORRIS: And I think in this case, the conduct that Ms. Sheehan and others engaged in was part of the type of constitutionally protected free speech that the First Amendment includes. When they were rebuffed at the White House, they had a right to both demonstrate, they had a right to sit down in that area, and the conduct that they engaged in that day was not criminal conduct.

We would submit, in fact, Your Honor, that not only was it not criminal on First Amendment grounds, that the evidence will come out in this case that it was also protected speech, protected conduct, because of the necessity of getting this message to the President in an effort to try to stop the war and save further life and prevent further loss of life. So for all those reasons, we would submit that Ms. Sheehan is not guilty and that her codefendants are not guilty as well. Thank you, Your Honor.

THE COURT: Thank you, Mr. Norris. Ms. Hartzenbusch, will you call your first witness, and I think we should have

\* \* \* \* \* \*

CERTIFICATE

I, BRYAN A. WAYNE, Official Court Reporter, certify that the foregoing pages are a correct transcript from the record of proceedings in the above-entitled matter.

_____
BRYAN A. WAYNE

Bryan A. Wayne, RPR, CRR
Official Court Reporter