**United States v. Sheehan, No. 05-MJ-649-AK**

**Reply Brief, Attachment 3**

```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - -x
                              :
UNITED STATES OF AMERICA      :
                              :
     vs.                      :
                              :
PAUL MARTIN                   :  P0546993
LYNN ROBINSON                 :  P0546977
EVE TETAZ                     :  P0571266
GARY ASHBECK                  :  P0571267
                              :
         Defendants           :
                              :  Washington, D.C.
- - - - - - - - - - - - - - -x  April 19, 2006


                   TRANSCRIPT OF BENCH TRIAL
         BEFORE THE HONORABLE DEBORAH A. ROBINSON
              UNITED STATES MAGISTRATE JUDGE
```

APPEARANCES:

For the Government:        MICHAEL TRUSCOTT, ESQ.
                           Assistant United States Attorney

                           JESSIE LIU, ESQ.
                           Assistant United States Attorney

For Defendants:            PAUL MARTIN, pro se
                           LYNNE ROBINSON, pro se
                           EVE TETAZ, pro se
                           GARY ASHBECK, pro se

Also Present:              MARK GOLDSTONE, ESQ.
                           Attorney Advisor


**Proceedings recorded by the Court, transcript produced by Pro-Typists, Inc., 1012-14th Street, N.W., Suite 307, Washington, D.C. 20005, 202-347-5395**
M1042/bf

1   front of me, and in that Cinca case it -- basically, what
2   happened was because of the violation of the regulation
3   that they cite of the stationary demonstration, then the
4   Park Police were able to revoke the permit because that was
5   violated.  Otherwise, there was no reason for them to even
6   get involved, because there was no violation of any law at
7   that point because everything was permitted.  But until
8   someone went, sat down, then there was a violation.  And
9   then at that point -- and when there were signs.  And at
10  that point, that's when there was a violation.  So the
11  violation was the sitting down on that.  So it really
12  doesn't matter about the 25 even though that wasn't shown.
13          THE MAGISTRATE JUDGE:  We'll take a brief recess
14  while the Court reviews Cinca and takes the motion under
15  advisement.
16          (Whereupon, a brief recess was taken.)
17          THE CLERK:  We're back on the record.
18          THE MAGISTRATE JUDGE:  Now, the Court took a
19  recess in order to give further consideration to the
20  Defendants' motion for a judgment of acquittal.  The Court
21  has carefully considered the proffers and arguments made
22  by Mr. Ashbeck on his behalf as well as on behalf of
23  Ms. Robinson, Ms. Tetaz, and Mr. Martin.  The Court has
24  also considered the arguments -- proffers and arguments
25  made by Ms. Liu on behalf of the United States.

1   The Court took the opportunity to ask both
2   counsel for the Government and Mr. Ashbeck questions
3   regarding the opinion of the District of Columbia Circuit
4   in the case of Cinca -- United States against Cinca.
5       While the Court did not hear arguments with
6   respect to the opinions cited only in Westlaw or available
7   only on Westlaw and not otherwise published on which the
8   Government also relies -- that is, the case of United
9   States against Barton and others, 1988 Westlaw, 13174, a
10  1988 decision of another Judge of this Court, the Court did
11  review the decision and provide a copy of the decision to
12  Mr. Goldstone, attorney-adviser for the four individuals
13  now on trial.
14      Having reviewed the two decisions, having
15  considered the proffers and arguments of the parties,
16  having considered the testimony of the witnesses who
17  appeared, the stipulation of the parties, and the
18  reasonable inferences to be drawn from the testimony and
19  the stipulation, the Court will grant the Defendants'
20  motion for judgment of acquittal.
21      The Court does so on the basis of the finding
22  that the Government has failed to prove each element of the
23  offense beyond a reasonable doubt.  More specifically, the
24  Court finds that there is no evidence from which the Court
25  could find or infer to the requisite level of certainty

1  that there was a group of 25 or more on the White House
2  sidewalk; that any of the individuals now on trial or,
3  indeed, any individuals who were present, were within the
4  20-foot zone.  There is no evidence from which the Court
5  could find or reasonably infer to the requisite degree
6  of certainty that any individual here joined -- quote,
7  "joined," closed quote, any, quote, "group," closed quote,
8  that was within that 20-foot zone.
9           There is no evidence that the Government has
10 offered regarding whether or not any of the individuals
11 now on trial held any sign.  The relevant evidence is
12 largely that which has been the subject of the various
13 stipulations; that is, that the four individuals
14 participated in a vigil somewhere on the White House
15 sidewalk.  However, that stipulation does not relieve the
16 Government of the burden of proving the other elements or
17 all of the elements of the offense charged.
18          It appears that the Government's intention was
19 to rely -- or, the Government's intention is to rely
20 largely upon testimony which the Court has concluded is
21 inadmissible hearsay; that is, Captain Smith's testimony
22 that Christine Yorky said that -- and it's not entirely
23 clear who she was talking about, but if we assume that
24 what he said was that the four -- that Captain Smith said
25 Ms. Yorky said was that the individuals in Court were not

1  a part of her group, that is certainly inadmissible
2  hearsay.  That is, it is an out-of-Court statement of
3  someone not present that's offered for the truth of the
4  matter asserted therein.  Even if I considered it, it is
5  not entirely clear who it was Ms. Yorky was talking about.
6  	The Court further finds that the DVD which was
7  aired, or the portion of the DVD which was aired is not at
8  all dispositive of any of these issues.  Certainly, the
9  Court did observe that there were a number of people on the
10 sidewalk in front of the White House who were reclining.
11 However, the Court did not count, nor would it have been
12 proper for the Court to count, the number of people who
13 were there, nor could the Court determine from viewing it
14 whether those individuals who were there were anywhere
15 within the prohibited zone, nor does the Court have any
16 means to determine whether any of the individuals here were
17 among that group.
18 	The stipulation is only that they participated
19 in a vigil on the sidewalk.  Where on the sidewalk or the
20 nature of the vigil or how many other people were present
21 is simply a list of matters as to which there is no
22 evidence.
23 	Certainly we might all speculate that perhaps
24 some of the people in the Court were among the group of
25 people who were reclining on the sidewalk.  Such

1  speculation would not be evidence.  There would be no
2  evidentiary basis for making such a conclusion.  And
3  accordingly, the Court cannot do so.
4          The Court further finds that the two cases on
5  which counsel for the Government relies are distinguishable
6  and offer no support for the Government's contention that
7  in this case the Government has shown each element of the
8  offense beyond a reasonable doubt.
9          In United States against Barton and others, the
10 1988 decision of Judge Gasch, the Court notes that the
11 principal issues considered by the Court had to do with the
12 availability of various defenses, such as the so-called
13 "international law defense," and the "common law defense
14 of necessity."  No such defenses have been raised here and,
15 accordingly, there is little of probative value to
16 enlighten this Court's determination in this matter that
17 appears in United States against Barton.
18         In the Cinca case, the issue which the Court of
19 Appeals addressed was whether the permit which had been
20 issued to a group known as Students Against the War had
21 been revoked for valid reasons.  No such issue has been
22 presented here, and for that reason the case offers little
23 in the way of guidance or authority for the Government's
24 argument.
25         To the extent that there are any findings

1  relevant to the issue presented to this Court that the
2  Circuit addressed in Cinca, such information favors the
3  Defendants.  The Court notes that in Cinca there was
4  evidence that there was a group of more than 25 people.
5  There was evidence that Mr. Cinca -- in fact, Mr. Cinca so
6  testified, the Court gathers -- that he joined the group
7  known as Students Against the War, and in addition,
8  Mr. Cinca testified that he sat on the center portion of
9  the White House sidewalk with members of that group.
10           No such evidence has been offered here.  That is,
11 there is no evidence, either through the stipulations or
12 the testimony of the witnesses the Government offered,
13 that there was a group of more than 25, that any of the
14 individuals here joined any protest, or that any individual
15 now on trial sat or reclined on the center portion of the
16 White House sidewalk.
17           It is, of course, correct that Captain Smith
18 testified that he believed that there were more than
19 25 people who were present at the time the warning was
20 given and, indeed, testified that he believed there were
21 28 to 32 left on the sidewalk.  However, the Court cannot
22 give significant evidentiary weight to that testimony,
23 since Captain Smith testified that he did not count the
24 individuals.  The Court is satisfied that if the answer to
25 the unasked question of how he knows there were 28 to 32 if

```
 1  you didn't count would be that he estimated it, the Court
 2  would not be confident that such an estimate is a basis for
 3  finding that the Government has carried its burden as to
 4  that element of the offense by the requisite degree -- or,
 5  to the requisite degree of certainty.
 6           For these reasons, the Court grants the
 7  Defendants' motion for judgment of acquittal.
 8           These findings that the Court has set forth on
 9  the record will be the extent of the Court's findings, and
10  should anyone require the findings you will, of course, be
11  permitted to order a transcript.
12           Now, is there anything further in this matter
13  this afternoon, Ms. Liu, Mr. Truscott?
14           MS. LIU:  No, Your Honor.
15           MR. TRUSCOTT:  No, Your Honor.
16           THE MAGISTRATE JUDGE:  Mr. Goldstone?
17           MR. GOLDSTONE:  Your Honor, can we have -- do you
18  have a husher in this courtroom?  We would like a minute to
19  converse.
20           [Recording interruption]
21           MR. GOLDSTONE:  Thank you, Your Honor.
22           MR. MARTIN:  Paul Martin, pro se.
23           THE MAGISTRATE JUDGE:  Just one moment.
24  Mr. Martin, you may proceed.
25           MR. MARTIN:  Okay.  Wanted to bring up two
```

81

```
UNITED STATES OF AMERICA )
                         ) P0546993, P0546977,
DISTRICT OF COLUMBIA     ) P0571266, P0571267
```

I, PAUL R. CUTLER, do hereby certify that a recording of the foregoing proceedings in the above matter was duplicated from an original recording by the Office of the Clerk, United States District Court for the District of Columbia, and that said duplicate recording of the proceedings was transcribed under my direction to typewritten form.

_____
PAUL R. CUTLER

I do hereby certify that the foregoing transcript was typed by me and that said transcript is a true record of the recorded proceedings to the best of my ability.

_____
BONNIE FURLONG